CHRISTIAN F. A. DAMBMANN, Respondent, v. FREDERICK BUTTERFIELD and others, Appellants.

*Fraudulent assignment for payment of debts — Fictitious debts — preference of — Evidence.*

In an action brought to set aside an assignment on the ground that it contained fraudulent preferences of debts which never existed, and that notes given to defendant were not collateral security for the repayment of amounts paid by him to the assignors, but were in fact purchased at such amounts, *held*, that the defendant was properly examined as to the disposition made by him after the assignment of the notes alleged to be collateral security for the sums due him.

APPEAL from an order of the Special Term, directing defendant to answer certain questions propounded, to him on his examination as a witness before trial, under section 390 of the Code.

This action was brought to set aside as fraudulent an assignment for the benefit of creditors made to the defendant Butterfield by De Forest, Armstrong & Co. The plaintiff charges, on the ground of fraud, that the assignment sought to be avoided, preferred Butterfield for $298,000, while in fact no sum whatever was due to him; that in fact the alleged loans were purchases of notes from the assignors, and that the object of the assignment was to cover that amount not due him.

Butterfield was ordered to appear and submit to an examination as a witness before trial. He refused on the examination to

* Page 1412, vol. 2.

answer certain questions which were put to him, as to the disposition of the notes after the assignment and on the parties applying to the court to have the objections passed upon Mr. Justice DONOHUE overruled the objections and ordered that the defendant answer them. On the examination being resumed, the defendant refused to answer certain questions, similar in their scope to those put to him on the first examina'ion, and the plaintiff's counsel thereupon obtained an order to show cause why defendants' answer should not be stricken out for refusal to testify as directed by the court, and for such other order and relief as the court might see fit to grant. The court ordered Butterfield to answer the questions and to pay costs of the motion. From such order the defendant Butterfield appealed.

*A. J. Vanderpoel* and *A. Boardman,* for the appellants. The acts of defendant subsequent to the assignment are not competent evidence. (*Franklin* v. *Pinkney,* 18 Abb., 188, 190; *Gibson* v. *Pearsall,* 1 E. D. Smith, 90; *Greene* v. *Herder,* 7 Robt., 455; Kerr on Fraud, 365; *James* v. *McKernon,* 6 John., 543, 565.) The assignee's fraud in managing an assignment does not affect its validity. (*Wilson* v. *Forsyth,* 24 Barb., 105; *Hardmann* v. *Bowen,* 39 N. Y., 200; *Casey* v. *Janes,* 37 id., 608; *Cuyler* v. *McCartney,* 40 id., 221; *Browning* v. *Hart,* 6 Barb., 91; *Cox* v. *Platt,* 32 id., 126; *Matthews* v. *Poultney,* 33 id., 127; *Pac. Mut. Ins. Co.* v. *Machado,* 16 Abb. Pr., 451; *Am. Ex. Bk.* v. *Webb,* 15 How. Pr., 193.)

*W. Watson,* for the respondent. Any evidence tending to show that the debt was fictitious was competent. (*Webb* v. *Daggett,* 2 Barb., 9; *Fiedler* v. *Day,* 2 Sand., 594; *Mead* v. *Phillips,* 1 Sand. Ch., 83; *Bank Orange* v. *Fink,* 7 Paige, 87; *Jackson* v. *Cornell,* 1 Sand. Ch., 348; *Hart* v. *Crane,* 7 Paige, 37; *Adams* v. *Davidson,* 10 N. Y., 309; *Pine* v. *Rikert,* 21 Barb., 469; *Butler* v. *Stoddard,* 7 Paige, 163.)

DAVIS, P. J.:

The motion before the court was, that the answer of defendant be stricken out for refusal to testify as directed by the court, or for

such other or further relief as the court may see fit to grant. The costs of this motion, like all others, were in the discretion of the court, and although the court saw fit to make an order more favorable to the defendant than the one sought, it did not thereby lose its power to impose on him the costs of the motion. The questions propounded on the second examination were, at least, in one respect, identical with those ruled upon by Justice DONOHUE, and were all substantially in the line of propriety as marked out by his opinion. They would have been proper on a trial of the action at Special Term before the court sitting in equity, and therefore were competent on the examination under section 190 of the Code. It may be true that a valid assignment is not avoidable by the subsequent fraud or misconduct of the assignee; but where the issue is upon the validity of the instrument itself, for fraud, it is competent to show the disposition of the assigned property by the assignee, as tending to throw light upon the alleged invalidity of the assignment. Especially is this so, where the fraud alleged is that the preferences to the assignee are of fictitious debts, or of debts that had already been wholly or in part paid. We think the questions were competent, and that the order of the court below was proper and should be affirmed, with costs.

BRADY, J. (dissenting):

The object of this action is to destroy the assignment made to the defendant, Butterfield, by De Forest, Armstrong & Co., and his examination should be confined to the issues created by the pleadings. The only question allowable, of those objected to, in my understanding of these issues, is as follows: "What is the entire amount you had realized from the notes assigned you as collateral security for money borrowed at the time of the assignment?" It is alleged that the assignors, were not indebted to the defendant Butterfield, and it is admitted by the latter that he received collaterals for the loans made by him, which formed the indebtedness of the assignors. If he had received any sums from them at the time of the assignment, they should have been deducted from the amount of his claim, and the omission to do it, if such omission were made, would be a circumstance to be considered in reference to the good faith of the instrument. This question seems

to have been answered substantially, however, by his statement: "I did not collect anything from bills receivable I took from De Forest, Armstrong & Co., until after their assignment;" and, having received nothing until the time named, the fund to which they belonged, was of the assigned estate, and subject to an investigation in a proceeding against him to account. The other questions are properly connected with such a proceeding, and have no legitimate bearing upon the issues, which must necessarily refer to the existing relations and objects in view at the time of, and prior to, the execution of the assignment. There can be no doubt that if the assignment was valid in its creation, no subsequent acts could invalidate it, although they might furnish a reason for the removal of the assignee. The order made by Mr. Justice DONOHUE is not appealed from, and it is conclusive upon the defendant Butterfield, so far as it applies; but the appeal from the order of Mr. Justice LAWRENCE, which we are considering, is that the defendant Butterfield answer the questions propounded to him, and is, in its nature, an original order on the subject embraced within it, and therefore presents for review the propriety of the questions asked. I think the order appealed from should be reversed.

DANIELS, J., concurred in affirmance of the order.

Order affirmed.